

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00158-CR

**HOLLIS LANE WILLINGHAM,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 369th District Court**
**Leon County, Texas**
**Trial Court No. 19-0032CR**

## D I S S E N T

Given that the law was just recently clarified by an opinion from the Texas Court of Criminal Appeals in *Nicholson v. State*, No. PD-0963-19, 2024 Tex. Crim. App. LEXIS 23 (Tex. Crim. App. Jan. 17, 2024) (publish), a case that was pending on a petition for discretionary review for just over four years, maybe in the interest of justice, we should allow the parties the opportunity to rebrief the issues. But that is not why I write.

I write because of issue three—the review of a judgment nunc pro tunc which modified the assessment of court costs.

I write because we have no jurisdiction of the issue the Court purports to address in issue three. The Court abated this appeal. I dissented. *Willingham v. State*, No. 10-21-00158-CR (Tex. App.—Waco Oct. 19, 2022, order) (not designated for publication). *See Welch v. State*, 668 S.W.3d 54 (Tex. App.—Waco 2022, order) (Gray, C.J., dissenting)[1] As a result of the abatement order, the trial court rendered and signed a nunc pro tunc judgment. No notice of appeal or certification of the right to appeal the nunc pro tunc judgment appear in the clerk's record. Accordingly, we have no authority or jurisdiction to review the changes in the judgment resulting from the Nunc Pro Tunc Judgment. *See Carnley v. State*, No. 10-21-00104-CR, 2023 Tex. App. LEXIS 8896, *4-46 (Tex. App.—Waco Nov. 30, 2023, no pet.) (publish) (Gray, C.J., dissenting).

I write for other reasons as well:

As to whether a transfer to TDCJ upon conviction is a release as determined by the Court, I lost that battle and as best as I can determine, it is an issue that is no longer pending before the Court of Criminal Appeals. Thus, I am bound by this Court's precedent. *See Briceno v. State*, 675 S.W.3d 87 (Tex. App.—Waco 2023, no pet.) (majority and dissenting opinions).

As to whether the appropriate fees to be charged are those statutory court costs as of the day of the offense or as of the date of the conviction, I also lost that battle at this Court. A petition for discretionary review is pending at the Court of Criminal Appeals, so there is no binding precedent for me to follow. *See Bradshaw v. State*, 675 S.W.3d 78

---

[1] As the dissent to the abatement order points out, the judgment from which this appeal was taken did not assess any costs.

(Tex. App.—Waco 2023, pet. granted) (majority and dissenting opinions).

As to whether we have the authority or jurisdiction to review the amounts as modified in the Nunc Pro Tunc Judgment, that issue has also not been resolved by the Court of Criminal Appeals. *See Carnley v. State*, No. 10-21-00104-CR, 2023 Tex. App. LEXIS 8896 (Tex. App.—Waco Nov. 30, 2023, no pet.) (publish).

Thus, for the foregoing reasons, I respectfully dissent to the Court's opinion and judgment.


TOM GRAY
Chief Justice

Dissent delivered and filed February 29, 2024

